**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>BUB, INC., d/b/a PRIMO HOAGIES<br>and BENEDICT VALENO,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor

("Plaintiff") brings this action to enjoin BUB, INC., a corporation doing business as PRIMO

HOAGIES and Benedict Valeno, individually and as a manager and President of the

aforementioned corporation (collectively "Defendants") from violating the provisions of

Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended,

29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount

of back wage compensation found by the Court to be due to any of the employees of Defendants

pursuant to the Act and an equal amount due to the employees of Defendants in liquidated

damages.

1.      Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29

U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2.      Defendant BUB, Inc., doing business as Primo Hoagies, is a corporation duly

organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 3199

Draper Street, Philadelphia, Pennsylvania. Defendant is engaged in operating three sandwich

shops called Primo Hoagies located at 6602 Frankford Avenue, Philadelphia, Pennsylvania; 2417 Welsh Road, Philadelphia, Pennsylvania; and 2862 Street Road, Bensalem, Pennsylvania, within the jurisdiction of this Court.

3.    Defendant Benedict Valeno is the president and owner of the corporation identified in Paragraph II. Valeno has directed employment practices and has directly or indirectly acted in the interest of BUB, Inc. in relation to its employees at all times relevant herein, including hiring and firing employees, setting employees' conditions of employment, including schedules and the rates and methods of compensation, distributing weekly payroll, and supervising employees day-to-day.

4.    The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

5.    At the three Primo Hoagies restaurants identified in paragraph II, Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including meat, seafood, produce, and alcohol. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Defendants are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

6.    Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of

goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act. Employees who worked more than 40 hours per week were often compensated at their regular rate rather than being paid the required 50% overtime premium. In addition, when employees worked at multiple locations, their hours were not combined for overtime purposes.

7.      Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. Specifically, Defendants failed to maintain daily and weekly time records for all employees for two years.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1)      For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2)      For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from December 3, 2015 through February 18, 2018, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated

damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after February 18, 2018, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(3)     In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

By: Andrea Luby
PA ID# 321609
Office of the Solicitor, Region III
Suite 630 East, The Curtis Center
170 South Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5128 (Phone)
(215) 861-5162 (Fax)
luby.andrea@dol.gov

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff